USCA1 Opinion

 

 [NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT] United States Court of Appeals For the First CircuitNo. 99-1039 MICHAEL ELBERY, Plaintiff, Appellant, v. BRADFORD LOUISON, ROBERT BREEN, JAMES HURLEY, ROBERT MCGUINLEY, JAMES V. SAMPSON, CHESTER GUS JOHNSON, AND TOWN OF SHREWSBURY, Defendants, Appellees. ____________________No. 99-1319 MICHAEL ELBERY, Plaintiff, Appellant, v. JAMES HESTER, Defendant, Appellee. _____________________ MICHAEL SALLOUM, TOWN OF SHREWSBURY, ROBERT MCGUINLEY, DANIEL MORGADO, WAYNE SAMPSON, Appellees. APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Patti B. Saris, U.S. District Judge] Before Torruella, Chief Judge, Selya and Boudin, Circuit Judges.     Michael Elbery on brief pro se. Elizabeth M. Fahey and Pierce, Davis, Fahey & Perritano, LLP on brief for appellees, James Hurley, Robert McGinley, James V.Sampson, Chester Gus Johnson and Town of Shrewsbury. Bradford N. Louison and Merrick, Louison & Costello on brieffor appellee James Hester.December 17,1999                                   Per Curiam. In these consolidated cases, appellant Michael Elbery appeals from two orders entered by the district court in two separate, but related, actions. These orders forbid appellant from filing any complaints against the Town of Shrewsbury Police Department and certain individuals without first obtaining approval from the district court. After briefly setting out the facts and the law, we address each order separately. I. Background Appellant has filed various lawsuits, including the two below, concerning the events surrounding, and following, his arrests by the Shrewsbury, Massachusetts police on two separate occasions. The first arrest arose out of a fight outside a bar in Worcester in 1992. In connection with his prosecution for this fight, appellant was arrested and charged with intimidating a witness (the bartender who had seen the fight). According to appellant, he was tried in a state district court and found guilty of this charge, but on appeal to the superior court, the charge was dismissed. The second arrest took place in 1994 after a fire at a warehouse storage facility in which appellant rented a storage unit. According to appellant, he kept his collection of guns, for which he had a license, in this unit. Shrewsbury police arrested appellant on five charges of possession of firearms and one charge of carrying a firearm. Appellant states that the district attorney did not appear at the trial and that he was acquitted of the charges. Based on these arrests, appellant filed two actions listing claims for malicious prosecution and various constitutional violations against the Shrewsbury police and others. These actions are entitled Elbery v. Hester and Elbery v. Sklut and are pending in the federal district court.  Appellant also commenced an action against Linda Schlener, the individual who had filed the complaint with the Shrewsbury police concerning appellant's intimidation of the witness to the bar fight. This case remains in state court and is entitled Elbery v. Schlener (Schlener I). Not content with having three pending actions, appellant filed three more suits in the federal district court concerning events that had transpired during the arrests and also events which had occurred in the pending cases. In Elbery v. Schlener (Schlener II), appellant sued, among others, Linda Schlener, Schlener's lawyer in Schlener I, and the state judge in Schlener I. Appellant alleged in this case that the defendants had retaliated against him for filing his original actions against Schlener and Hester. In particular, appellant stated that Schlener had asserted counterclaims in the state case as an act of retaliation. In the second case, Elbery v. Louison, appellant filed a complaint which named as a defendant attorney Bradford Louison. Louison was then representing the Town of Shrewsbury and its police officers. The other defendants were Shrewsbury police officers. Appellant alleged that the police had started the fire at the storage warehouse so that they could frame him on the gun charges and stop him from filing his federal lawsuits. Finally, in Elbery v. Klug, the third lawsuit, appellant again listed attorney Louison as a defendant. He also sued various Shrewsbury police officers, the United Parcel Service, Day's Inn Motel, and a bartender at Day's Inn. He essentially claimed that these defendants had engaged in a cover-up concerning what he perceived to be constitutional violations in the defense of the Loiuson case. II. The Law  It is well-established that "[f]ederal courts . . . possess discretionary powers to regulate the conduct of abusive litigants." Cok v. Family Court of Rhode Island, 985 F.2d 32, 34 (1st Cir. 1993) (per curiam). Thus, "in extreme circumstances involving groundless encroachment upon the limited time and resources of the court and other parties, an injunction barring a party from filing and processing frivolous and vexatious lawsuits may be appropriate." Castro v. United States, 775 F.2d 399, 408 (1st Cir. 1985) (per curiam). Such an injunction, however, must be "narrowly drawn to fit the specific vice encountered." Id. at 410. The issuance of an injunction aimed at preventing vexatious litigation is reviewed for abuse of discretion. Id. at 408. III. The District Court Orders A. Appeal No. 99-1039 This appeal arises out of the Louison case, the first action in which appellant sued attorney Louison concerning Louison's representation of the Shrewsbury defendants in the prior cases. In their motion for an injunction, the defendants alleged that after appellant's deposition was taken by Elizabeth Fahey, the new attorney representing the Shrewsbury defendants in Sklut and Louison, appellant called Fahey and stated that he might sue Fahey and the court reporter present at the deposition based on Fahey's alleged falsification of the deposition transcript. The defendants therefore requested that appellant be required to seek leave of court before filing a complaint against Fahey or the court reporter. When no opposition was forthcoming, the district court granted the motion by endorsing it as "allowed." The following entry also was made on the docket sheet: "Endorsed Order entered granting . . . motion to require plaintiff to seek leave of court before plaintiff files new complaint."  Soon thereafter, appellant filed a belated opposition to the motion, alleging that Fahey intended to deprive him of his constitutional rights. We think that the injunction entered by the district court must be read as ordering that appellant seek approval prior to filing a new complaint against Fahey or the court reporter only, not that he must seek approval before filing any new complaint. As read, it is plain that appellant received notice, via the defendants' motion, that the district court was contemplating such an injunction. Also as read, the injunction is tailored to the specific circumstances facing the court and was not entered just to curtail appellant's ability to initiate litigation. While appellant is correct that litigiousness alone will not support an injunction, see Castro, supra, 775 F.2d at 408-09, we believe that appellant's particular affinity for suing attorneys who represent defendants in the pending cases amounts to behavior which is vexatious and harassing. In particular, appellant already has sued Louison and Schlener's attorney in the state case. We note that when such an attorney is so sued, the attorney often will be required to cease representing his or her client, with the result that the client will be forced to find new counsel. Given appellant's belief that Fahey and the court reporter are part of the ongoing conspiracy to violate his constitutional rights, an injunction requiring appellant to secure approval before filing a complaint against either of them was not an abuse of discretion. B. Appeal No. 99-1319 This appeal arises out of Elbery v. Hester in which appellant sued James Hester, the police officer who had arrested him on the charge of intimidating a witness. In this case, Hester moved for an order requiring appellant to seek court approval before filing any more lawsuits against Hester, other members of the Shrewsbury Police Department, or Louison (the attorney then representing Hester). The district court granted the motion, pointing out that appellant already had filed five pro se lawsuits against the Shrewsbury Police Department and that two of the cases named Louison as a defendant. The court thus ordered appellant "not to file an[y] additional lawsuits against the Shrewsbury Police Department, its members, Bradford Louison, or any of the attorneys who have filed an appearance in these suits without obtaining advance court approval." The court added that "[d]efense counsel may file a motion to deem any such case as 'related.'" Appellant initially argues that the above order does not set out sufficient record support for the injunction.  Although the court did not list by name, or discuss, all of the actions appellant had filed, this is not fatal. Hester's motion adequately reviewed the pending cases and pointed out how they were connected. Further, this court may take judicial notice of "proceedings in other courts, both within and outside of the federal judicial system, if the proceedings have a direct relation to matters at issue." Green v. Warden, United States Penitentiary, 699 F.2d 364, 369 (7th Cir. 1983). There is no question that the pending lawsuits listed above are related to the injunctions entered by the district court. Turning to the merits, appellant primarily contends that the injunction was an abuse of discretion because the cases he has filed are not vexatious or harassing. Rather, he states, the cases are meritorious and he is merely exercising his right of free access to the courts. We disagree. At the time the motion for an injunction was filed, appellant already had initiated the two suits challenging his arrests for intimidating a witness and for firearms violations (Hester and Sklut). Had appellant stopped here, this would be a different case. However, as described above, appellant continued to file more actions concerning what he perceived to be conspiracies related to, and arising out of, the two original suits. As defendant pointed out in the motion for an injunction, since the parties and underlying events were connected, the proper course was for appellant to have asked the district court for leave to amend the already pending cases so that he could add new claims and/or defendants. In most instances, though, this would have required prior court permission. The injunction entered by the district court essentially achieves this result by ordering appellant to seek approval before filing new actions against the Shrewsbury Police Department, its members, or any of the attorneys representing these parties. Furthermore, in light of the purpose of the order and the language added at the end referring to relatedness, we read the injunction as limited to new cases connected to the ones currently pending. So read, the injunction is "narrowly drawn to fit the specific vice encountered," see Castro, supra, 775 F.2d at 410, instead of being overbroad as it arguably would have been if it had prevented appellant from filing any new cases against these defendants. Finally, that appellant's behavior is vexatious and harassing is obvious. That is, by filing new actions, appellant forces the defendants to answer each new complaint and to defend each new suit. If appellant must obtain permission prior to filing a new case, as he would if he sought to amend the existing complaints, the defendants will be spared this additional effort and the associated expense. As a result, the district court did not abuse its discretion in entering the above injunction. The judgments of the district court are affirmed.